IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERICK WILLIAMS | : | |
| | : | |
| v. | : | Civil No. CCB-13-680 |
| | : | |
| THE BANK OF NEW YORK MELLON, et al. | : | |

# MEMORANDUM

Plaintiff Derick Williams ("Mr. Williams") brings this suit against the defendants, the Bank of New York Mellon ("BONY") and Specialized Loan Servicing, LLC ("SLS") (collectively, the "defendants"), alleging the defendants breached a settlement agreement related to Mr. Williams's residential mortgage, which is owned by BONY and sub-serviced by SLS on BONY's behalf. Mr. Williams originally filed this suit in the Circuit Court for Baltimore City, asserting claims for breach of contract and violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, §§ 13-101, et seq.; the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, §§ 14-201, et seq.; and the Maryland Mortgage Fraud Protection Act, Md. Code Ann., Real Prop., §§ 7-401, et seq.; and seeking actual damages, costs, and attorneys' fees. The defendants removed the action to this court, asserting diversity jurisdiction. *See* 28 U.S.C. § 1332. Now pending is Mr. Williams's motion to remand the removed action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447. The issues in this case have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the motion to remand will be denied.

## ANALYSIS

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441. Section 1441 provides, in pertinent part, that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." When a case is removed from state court, the burden is on the defendant to support the exercise of jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296-97 (4th Cir. 2008). Removal jurisdiction raises "significant federalism concerns"; thus, it must be strictly construed. *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Because remand orders are generally unreviewable, however, district courts should be cautious in denying defendants access to a federal forum. *See Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1100 (D.S.C. 1990); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3721 (2002).

Absent a federal question, removal under 28 U.S.C. § 1441 requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Generally, the amount requested in the complaint determines the amount in controversy. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (*citing Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)). If a state statute provides for attorneys' fees, such fees are also included as part of the amount in controversy. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the present case, the parties do not dispute that complete diversity exists; however, the plaintiffs argue that this case does not meet the $75,000 requirement. Mr. Williams's petition seeks "actual damages and losses in the sum of no more than $65,000 cumulative of all claims sought herein; costs and attorneys' fees incurred by Plaintiff; and . . . such other and further relief as this court finds necessary and proper." (ECF No. 2, at 12-13.) Mr. Williams brings suit under the Maryland Consumer Protection Act and the Maryland Mortgage Fraud Protection Act, both of which allow for attorneys' fees. *See* Md. Code Ann., Com. Law, § 13-408(b); Md. Code Ann., Real Prop., § 7-406. In his motion for remand, he argues that the defendants have failed to prove he has claimed attorneys' fees sufficient to satisfy the amount in controversy requirement.

In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two standards. Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Id.* at 509-10.

This case involves a hybrid situation in which the amount in controversy is neither entirely specified nor unspecified. Although Mr. Williams alleges a specific amount of damages in his complaint, he also requests and is entitled to attorneys' fees, which are, as yet, undetermined. The exercise of federal jurisdiction in this case turns on whether an award of attorneys' fees will exceed $10,000, the difference between the $75,000 jurisdictional threshold and the $65,000 in actual damages claimed. Thus, the court will apply the preponderance of the

3

evidence standard in determining whether the defendants have met their burden as to that portion of the amount in controversy.

Mr. Williams's counsel has stipulated that, at the time of removal, Mr. Williams had incurred attorneys' fees and costs equaling $5,250. (ECF No. 7, Ex. 1.) The defendants argue that, to reach the jurisdictional minimum, they need only show that Mr. Williams will incur an additional $4,750 in attorneys' fees through resolution of this action. In support of their argument that the amount in controversy exceeds $75,000, the defendants have attached an affidavit of a principal at the defendants' counsel's law firm who possesses substantial experience litigating civil cases, including the type of mortgage loan-related litigation involved in this case. In his affidavit, the principal contends that there is no "reasonable possibility" that Mr. Williams could litigate this case following removal for less than $4,750, even if the case settled before summary judgment or trial. (Lynch Aff., ECF No. 8, Ex. A.) The defendants also claim that, assuming Mr. Williams's counsel charges at least the $329/hour rate he charged in 2009, his counsel would need to spend a mere 14.5 hours on this case after removal for Mr. Williams to incur fees sufficient to reach the jurisdictional minimum. (*See* ECF No. 8, at 6 & Ex. D, ¶ 5.) Mr. Williams counters that only attorneys' fees incurred up to the time of removal should be included when determining whether the jurisdictional threshold has been met. He argues that because he had only incurred $5,250 in attorneys' fees and costs at the time of removal, the amount in controversy is insufficient to confer federal jurisdiction.

The court disagrees. Although the Fourth Circuit has not ruled on the precise issue of whether courts may consider future attorneys' fees in determining whether the jurisdictional limit has been met, the Fourth Circuit affirmed a recent case suggesting that such fees are in fact includable. In *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663 (D. Md. 2012) *aff'd*, 709 F.3d 362

(4th Cir. 2013), another judge of this court relied on "[e]xperience and common sense" in concluding that the plaintiff's attorneys' fees in a declaratory action against their insurer would exceed $8,653 – the difference between $75,000 and the $66,347 the plaintiffs had already spent to defend an underlying tort suit. *Id.* at 670. The plaintiffs had sought to recover attorneys' fees for litigating the declaratory action but argued that the amount in controversy at the time of removal did not include those fees. *Id.* at 669. The court rejected that argument, stating explicitly that "[w]hen Maryland law permits recovery of attorneys' fees, '[p]otential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold.'" *Id.* (quoting *Gilman v. Wheat, First Sec., Inc.*, 896 F. Supp. 507, 510 (D. Md. 1995)); *see also Momin*, 205 F. Supp. 2d at 509-10. As one court has observed,

> [t]o meet the jurisdictional threshold, courts routinely consider future damages, such as pain and suffering, medical bills, and lost wages. A rule that treats attorney's fees differently from any other category of damage for purposes of ascertaining the amount of the "matter in controversy" draws no support from the language of the statute. A transparent attempt to puff up future attorney's fees to cross the jurisdictional threshold should bear special scrutiny under *St. Paul* [*Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]. Nevertheless, the Court declines to eliminate any consideration of a patently reasonable estimate of future attorney's fees simply because they are attorney's fees and not another component of monetary relief, such as future special damages or pain and suffering.

*Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 163 (D. Me. 2007).

In light of this precedent, the court will consider a reasonable estimate of potential attorneys' fees in determining whether the jurisdictional threshold has been met in this case. As in *Francis*, "experience and common sense" suggest that Mr. Williams's attorneys' fees in this case will exceed $10,000 – the difference between $75,000 and the $65,000 Mr. Williams requested in actual damages in his complaint. *See Francis*, 869 F. Supp. 2d at 670. As previously noted, Mr. Williams had already incurred $5,250 in attorneys' fees and costs simply in drafting

5

and serving the complaint. (*See* ECF No. 7, Ex. 1.) Mr. Williams's counsel has undoubtedly spent several more hours on the case now that motions practice has begun. With even limited discovery regarding the alleged breach of contract and damages, Mr. Williams will incur attorneys' fees in excess of $4,750, placing the amount in controversy in this case above $75,000.[1] Accordingly, the court had diversity jurisdiction when the case was removed, and the court will deny Mr. Williams's motion to remand.[2]

A separate Order follows.

6/3/13                                                               /s/
Date                                                         Catherine C. Blake
                                                               United States District Judge

6

---

[1] The defendants have met their burden of showing that the amount in controversy exceeds $75,000 even if the court applies the "legal certainty" rather than the "preponderance of the evidence" standard.

[2] Because the case will be proceeding on other counts in any event, the court will deny without prejudice the defendants' motion to dismiss Count II of the complaint.